```
             IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF OHIO
                        EASTERN DIVISION
```

United States of America

    v.                          Case No. 2:20-cr-17-1

Lashawn White

OPINION AND ORDER

    Defendant was originally charged with a drug conspiracy offense under 21 U.S.C. §846 in a criminal complaint filed on January 15, 2020.  On January 23, 2020, the magistrate judge entered an order of detention.  Defendant was indicted on January 30, 2020.  On February 20, 2020, a superseding indictment was returned against defendant and three additional co-conspirators.  In the superseding indictment, defendant is charged with eight drug offenses and one count of possession of a firearm in furtherance of a drug trafficking crime.

    This matter is before the court on the defendant's motion for release from custody due to the COVID-19 pandemic.  Defendant argues that his release from custody is warranted due to the dangers posed to the inmate population from COVID-19.  He also contends that his detention poses obstacles to trial preparation due to restrictions at the jail which limit his counsel's ability to confer with him.  Defendant requests that he be released on home confinement.  The government has filed a response in opposition to the motion.

    Defendant does not contest the basis for the original order of detention.  The pretrial services officer recommended that defendant be detained because no conditions or combination of conditions could guarantee the safety of the community and the

defendant's appearance. As to the risk of nonappearance, the pretrial services officer noted defendant's history of substance abuse (he admitted to recently using marijuana and cocaine), his history of absconding from probation, and the nature of the pending charges. Defendant reported being unemployed. The pretrial services officer also noted that defendant posed a risk of danger to the community due to the nature of the offenses, defendant's substance abuse history, and his criminal history, which included two prior convictions for carrying a concealed weapon.

The magistrate judge concluded that defendant failed to present sufficient evidence to rebut the presumption arising under 18 U.S.C. §3142(e)(3)(A), applicable to controlled substances offenses carrying a maximum term of imprisonment of ten years or more, that no condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of the community. Doc. 9, p. 2.

The complaint, Doc. 1, and allegations in the indictment also indicate that defendant's drug activities posed a danger to the community. The defendant is charged in Count One with participating in a conspiracy to possess with intent to distribute five hundred or more grams of a substance containing cocaine (an offense which carries a potential term of incarceration of five to forty years); methamphetamine; a substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidnyl} propanamide (fentanyl); and heroin. Count One alleges that the residence located at 121 Stevens Avenue, Columbus, Ohio, which was identified in the pretrial services report as being the defendant's address, was used to store and distribute controlled substances. Count One

further alleges that drug purchasers were permitted to use drugs in the basement of that residence, and that the conspirators would provide Narcan to users who overdosed on drugs. According to the complaint filed in the instant case, the execution of a search warrant at the residence on November 14, 2019, resulted in the seizure of illegal drugs packaged for individual sale. Doc. 1, p. 8. Defendant is also charged in Count Six with possession of a firearm on November 21, 2019, in furtherance of a drug trafficking crime.

Defendant now alleges that he should be released on home confinement due to concerns about COVID-19. He alleges that he is an older inmate (he is forty-five years old). He also contends that he has a compromised immune system because he has been in a wheelchair. The pretrial services report states that defendant was in a wheelchair due to fracturing both heels after falling from a roof in November of 2019, but that he was scheduled to have the casts removed on January 22, 2020, and to be fitted with boots, which would permit him to work on a limited basis. It is unclear whether defendant's feet are still in casts three months later, or whether his current condition would affect his mobility. Defendant further alleges that he is a lifelong asthma sufferer. However, this condition is not reported as part of defendant's health history in the pretrial services report, so defendant apparently did not regard his asthma as being significant enough to report, nor has he submitted any evidence to establish that he is particularly at risk due to asthma. Defendant has presented no evidence of any significant outbreak of COVID-19 in his facility. To date, news reports have indicated that two inmates in the

Jackson Pike facility have tested positive for COVID-19. However, there is no evidence that the facility is unprepared to implement suitable quarantine procedures for inmates who test positive.

Defendant has also not established how releasing him on home confinement will present any lesser risk of contracting COVID-19. Placing defendant on home confinement would not prevent others from visiting him at his residence and exposing him to the disease. As noted above, defendant sold drugs from his residence and invited drug purchasers to use drugs in his basement. There would be nothing to preclude defendant from continuing these activities while on home confinement. His release on home confinement would create an additional risk of exposure to the disease for the pretrial service officers assigned to monitor him. Defendant's criminal record and substance abuse history cast doubt on whether he would comply with any shelter-in-place restrictions. Thus, defendant's release in the community would not guarantee defendant's safety and good health, and there is clear and convincing evidence that defendant's release on home confinement would pose a danger to the safety of others in the community. In contrast, as defendant has indicated in his motion, access to the local jails is substantially restricted.

In regard to defendant's claim that he is unable to assist his counsel while in jail, counsel's lack of access to the jails can be taken into account in scheduling a trial date. In fact, all trials scheduled prior to June 1, 2020, were recently continued pursuant to General Order No. 20-08. The court will ensure that defendant and his counsel have sufficient time to prepare for trial after the jail restrictions are lifted.

The court concludes that the release of the defendant is not necessary for the preparation of his defense or for any other compelling reason, and that defendant's continued detention is warranted based on the relevant statutory factors.  Defendant's motion for release on bond due to COVID-19 (Doc. 50) is denied.

Date: April 16, 2020                     s/James L. Graham
                                     James L. Graham
                                     United States District Judge